UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**Ruben CORRAL-Caraveo,**<br><br>Defendant | Magistrate Docket No. 08 MJ 1405<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **May 1, 2008** within the Southern District of California, defendant, **Ruben CORRAL-Caraveo,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico,** was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Ismael A. Canto
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 5th DAY OF MAY 2008

_____
Louisa S. Porter
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Ruben CORRAL-Caraveo

### PROBABLE CAUSE STATEMENT

On May 1, 2008 at approximately 4:30 p.m., Senior Border Patrol Agent J. Murphy was patrolling 100 yards north of the United States/Mexico International boundary and 5 miles west of the San Ysidro, California Port of Entry. Agent Murphy found footprints leading north from Mexico. Agent Murphy followed the footprints for approximately 20 yards and encountered a man lying in the brush.

Agent Murphy identified himself as a Border Patrol Agent and conducted an immigration interview of the subject. The subject later identified as the defendant **Ruben CORRAL-Caraveo**, stated he was a citizen and national of Mexico, who was illegally present in the United States, not in possession of any immigration documentation permitting him to enter or remain in the United States legally. Agent Murphy placed the defendant into custody and transported him to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on December 14, 2007** through **El Paso, Texas**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

Executed on May 3, 2008 at 10:00 a.m.

Irene S. Aguirre
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **May 1, 2008**, in violation of Title 8, United States Code, Section 1326.

Louisa S. Porter
United States Magistrate Judge

5/3/08  11:00 AM
Date/Time